IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO HALL,                                )  <br>                                                        )  <br>         Plaintiff,                               )  <br>                                                        )  <br>         v.                                           )  <br>                                                        )  <br>DONALD N. SNYDER, in his individual and )  <br>official capacity, et al.,                    )  <br>                                                        )  <br>         Defendants.                          )   | Case No.: 3:04-cv-108-GPM |

## REPORT AND RECOMMENDATION

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion to Dismiss for Lack of Prosecution (Doc. 32), filed by Defendants on April 20, 2007. For the reasons set forth below, it is **RECOMMENDED** that the Motion be **GRANTED**, that this matter be **DISMISSED WITHOUT PREJUDICE**, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

Plaintiff, a former inmate at the Pinkneyville Correctional Center in Pinkneyville, Illinois, filed this lawsuit on February 17, 2004, alleging a multitude of constitutional violations. Defendants were served with process and, thereafter, filed a timely answer. On January 11, 2007, this Court entered a Scheduling Order (Doc. 27), which granted Defendants leave to depose Plaintiff on the condition that prior arrangements be made with the warden at the institution where plaintiff is confined.

That same order further stated, "Plaintiff is to advise the Court and opposing counsel of

any changes in his mailing address within 7 days of the address change," and, "Failure to do so will result in sanctions which may include dismissal." (Doc. 27). On September 22, 2005, and on November 28, 2005, Plaintiff informed the Court that his address had changed due to his release from prison.

On April 20, 2007, Defendants filed the instant Motion to Dismiss for Failure to Prosecute (Doc. 32), alleging that Plaintiff's claims should be dismissed for his failure to attend a deposition Defendants scheduled for March 28, 2007, in the Office of the Attorney General in Springfield, Illinois. In support, Defendants state that notice of this deposition was sent to Plaintiff at P.O. Box 50031, Cicero, IL 60804, the address on file with the Court, via first class mail on March 14, 2007, but that Plaintiff failed to attend. Defendants further allege that Plaintiff has failed to contact them regarding the deposition and that they are unable to contact Plaintiff by phone as there is no phone number contained in Plaintiff's most recent change of address. Plaintiff has failed to respond to the motion.

In response to Defendant's motion, the Court, on May 11, 2007, issued an Order to Show Cause (Doc. 33) directing Plaintiff respond by June 4, 2007, as to why this matter should not be dismissed for want of prosecution. The Order to Show Cause further advised Plaintiff that failure to respond may result in a recommendation that his case be dismissed. This order was mailed to Plaintiff at his address of record, but was returned as undeliverable, and to date Plaintiff has failed to respond to the either the Order to Show Cause or the Motion to Dismiss for Failure to Prosecute.

### CONCLUSIONS OF LAW

The plaintiff has been given ample opportunity to prosecute this case. Yet the Court need not make a factual finding of whether Plaintiff actually received notice. It is readily apparent that

Plaintiff has failed to inform the Clerk's Office, as required by SDIL-LR 3.1 and this Court's January 11, 2007 Scheduling Order (Doc. 27), of his current address as evidenced by the returned mail on April 4, 2007, an d May 17, 2007.  Plaintiff was unambiguously warned by this Court of the consequences of failing to notify the Court within seven days of an address change, but has failed to do so.

As a result of failing to notify the Court and opposing counsel of Plaintiff's change of address, Plaintiff has failed to timely prosecute this matter.  Plaintiff has been adequately warned that the failure to participate will result in this Recommendation that his lawsuit be dismissed. See Fischer v. Cingular Wireless, LLC, 446 F.3d 665-666 (7th Cir. 2006).  Plaintiff has offered no excuse for the failure to prosecute.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Motion to Dismiss (Doc. 32) be **GRANTED**, that this matter be **DISMISSED WITHOUT PREJUDICE** for want of prosecution, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: July 7, 2007**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**